# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETS

| | |
|---|---|
| AUDI AG, a German corporation, VOLKSWAGEN AG, a German corporation, and VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br><br>Plaintiffs,<br><br>vs.<br><br>PARTSPLAZA AUTOMOTIVE, LLC, a Massachusetts limited liability company also doing business as DUBSTOP IMPORTS, DUBSTOP INTERNATIONAL, and DSX-CUSTOMS, WHEEL2POWER, CORP., a Massachusetts corporation, RENNSPORT IMPORTS, LLC, a Massachusetts limited liability company, MICHAEL B VASERMAN, an individual, RUSLAN SLIVINSKY, an individual, MICHAEL RUDENKO, an individual, and MICHAEL KAZAKOV, an individual,<br><br>Defendants. | **VERIFIED COMPLAINT AND JURY DEMAND FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION AND CYBERPIRACY**<br><br>Civil Action No.: |

Plaintiffs Audi AG ("Audi"), Volkswagen AG ("VW"), and Volkswagen Group of America, Inc. (collectively "Audi and VW" or "Plaintiffs") for their complaint against defendants PartsPlaza Automotive, LLC also doing business as DubStop Imports, DubStop International, and DSX-Customs, Wheel2Power Corp., Rennsport Imports, LLC, Michael B Vaserman, Ruslan Slivinsky, Michael Rudenko, and Michael Kazakov (collectively "Defendants"), allege as follows:

## SUBSTANCE OF THE ACTION

1.      This suit arises from Defendants' unauthorized misappropriation and counterfeiting of Audi's and VW's distinctive and world-famous trademarks. Defendants feature Audi's and VW's trademarks in nearly every facet of their business operations, including in their business names "DubStop Imports" and "DubStop International," Internet domain names *dubstopimports.com* and *dubstop.com*, advertisements, on their website, and in the counterfeit goods they manufacture, and/or import and sell in the United States to convey the false impression that Defendants are associated or affiliated with Audi and VW. This is an action for trademark counterfeiting, infringement, and dilution of Audi's and VW's federally-registered trademarks, for cyberpiracy, and for related claims.

2.      Defendants operate a counterfeiting ring that manufactures, imports, promotes, advertises, distributes, and/or sells automotive grilles and automotive accessories bearing counterfeits of Audi's and VW's world-famous trademarks, including, but not limited to, the WOLFSBURG LOGO®, AUDI RINGS®, the AUDI GRILLE® design trademarks and the VW®, AUDI® and V-DUB® trademarks.

3.      Audi and VW allege claims for federal trademark counterfeiting and infringement, false designation of origin or sponsorship, federal trademark dilution, and cyberpiracy under Sections 32(1), 43(c), 43(a) and 43(d) of the United States Trademark Act of 1946, as amended by the Trademark Counterfeiting Act of 1984 (15 U.S.C § 1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), and 1125(d) (the "Lanham Act"). Audi and VW seek preliminary and permanent injunctions enjoining Defendants from using Plaintiffs' trademarks, and counterfeits thereof, and an order requiring Defendants to deliver all the counterfeit and infringing goods and the means for manufacturing them for destruction, identifying information

for the suppliers or manufacturers of said counterfeit goods, an equitable accounting, an equitable disgorgement of all revenues and/or profits wrongfully obtained, statutory damages, exemplary damages, as well as attorneys' fees and costs.

## THE PARTIES

4.      Audi AG is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany and is a subsidiary of Volkswagen AG.

5.      Volkswagen AG is a corporation organized under the laws of Germany with its principal place of business in Wolfsburg, Germany and is the parent of plaintiffs Audi AG and Volkswagen Group of America, Inc.

6.      Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia and is a subsidiary of Volkswagen AG.

7.      Defendant PartsPlaza Automotive LLC is a Massachusetts corporation with its principal place of business located at 16 Bridge Street, Newton, Massachusetts.  Upon information and belief, defendant PartsPlaza Automotive LLC does business as DubStop Imports, DubStop International, and DSX-Customs.  A true and correct copy of PartsPlaza Automotive LLC's profile page, printed from the Massachusetts Corporations Division's website is attached to the Verified Complaint as Exhibit A.

8.      Defendant Wheel2Power, Corp. is a Massachusetts corporation with its principal place of business located at 145 Newton Street, Unit 3, Waltham, MA 02453.  A true and correct copy of defendant Wheel2Power, Corp.'s profile page, printed from the Massachusetts Corporations Division's website is attached to the Verified Complaint as Exhibit B.

9.      Defendant Rennsport Imports, LLC is a Massachusetts limited liability company with its principal place of business located at 23 Mechanic Street, Newton, MA  02464.  A true and correct copy of defendant Rennsport Imports, LLC's profile page, printed from the

Massachusetts Corporations Division's website is attached to the Verified Complaint as Exhibit C.

10.     Defendant Michael B Vaserman is an individual and principal of defendants PartPlaza Automotive, LLC and Wheel2Power, Corp., and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the acts of infringement. Audi and VW are informed and believe that defendant Michael B Vaserman resides in or near Watertown, Massachusetts.

11.     Defendant Ruslan Slivinsky is an individual and principal of defendants PartPlaza Automotive, LLC and Wheel2Power, Corp., and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the acts of infringement. Audi and VW are informed and believe that defendant Ruslan Slivinsky resides in or near Watertown, Massachusetts.

12.     Defendant Michael Rudenko is an individual and principal of defendant Rennsport Imports, LLC and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the acts of infringement. Audi and VW are informed and believe that defendant Michael Rudenko resides in or near Watertown, Massachusetts.

13.     Defendant Michael Kazakov is an individual and agent for defendant Rennsport Imports, LLC and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the acts of infringement. Audi and VW are informed and believe that defendant Michael Kazakov resides in or near Watertown, Massachusetts.

14.     Audi and VW are informed and believe, and therefore allege that each Defendant was the agent, employee, partner, and/or joint venturer of each of the other Defendants, and in committing the acts alleged herein, was acting within the course and scope of that relationship

and with permission and consent of the other Defendants, and they have acted in concert with each other in connection with the allegations herein.

## JURISDICTION AND VENUE

15.       This Court has subject matter jurisdiction pursuant to:

(a)       The International Convention for the Protection of Industrial Property, 13 U.S. Treaties and Other International Agreements (1962), implemented by Sections 39 and 44 of the Lanham Act, 15 U.S.C. §§ 1121 and 1126, and by the Judicial Code, 28 U.S.C. § 1331;

(b)       Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c)       Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d)       Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e)       Sections 43(c) and 43(d) of the Lanham Act, 15 U.S.C., §§1125(c) and (d), relating to dilution and cyberpiracy;

(f)       The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws;" and

(g)     The Judicial Code, 28 U.S.C. § 1331, relating to federal question

jurisdiction.

16.     Venue is proper under 28 U.S.C. § 1391(b) given that a substantial part of the

events giving rise to the claims occurred in this District and because Defendants may be found

here.

## GENERAL ALLEGATIONS

### *Audi's Trademark Rights*

17.     Audi is a world-famous automobile manufacturer that sells Audi automobiles and

genuine parts and accessories through a network of licensed Audi dealerships.  In addition to the

physical dealerships operated by its licensees, Audi operates websites, including *audiusa.com*

and *audicollectionusa.com*, through which consumers can purchase genuine Audi parts,

automotive accessories, and personal goods and accessories directly from Audi.  Audi's world-

famous and distinctive trademarks symbolize the Audi brand and its reputation and goodwill.

18.     Audi obtained its first U.S. registration for AUDI® in 1960 (U.S. Reg. No.

0,708,352) (covering auto parts), now incontestable, and has subsequently obtained additional

registrations for that mark.  A true and correct copy of the registration certificate for Audi's first

registration of AUDI® is attached to the Verified Complaint as Exhibit D.  A list of Audi's U.S.

trademark registrations for AUDI® and marks that include AUDI® is attached to the Verified

Complaint as Exhibit E.  Audi's registrations for the AUDI® mark are valid, unrevoked,

subsisting, and incontestable, and constitute *prima facie* evidence of Audi's exclusive ownership

of the AUDI® mark.

19.     Audi obtained its first U.S. registration for the AUDI RINGS® in 1971 (U.S. Reg.

No. 0,906,525) (covering auto parts), now incontestable, and has subsequently obtained

additional registrations for that mark.  A true and correct copy of Audi's first AUDI RINGS®

trademark is attached to the Verified Complaint as Exhibit F.  A table including all of Audi's live registrations for the AUDI RINGS® and trademarks that include the AUDI RINGS® is attached to the Verified Complaint as Exhibit G.  Audi's registrations for the AUDI RINGS® marks are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Audi's exclusive ownership of the AUDI RINGS® marks.

20.     An image of the AUDI RINGS® (U.S. Reg. No. 3,201,037) (covering auto parts) as currently used by Audi is displayed below:



21.     Audi has also used and/or obtained U.S. registrations for other marks, such as, A3®, A4®, A5®, A7®, Q3®, Q5®, RS 3®, RS 5®, RS 6™ and RS 7®, many of which are registered, now incontestable and cover auto parts.  A table of trademark registrations for these trademarks is attached to the Verified Complaint as Exhibit H.

22.     Audi has further obtained U.S. registration certificates for the distinctive configuration of grilles used on Audi Automobiles, including AUDI GRILLE I® (U.S. Reg. No. 3,649,039 (supplemental registrar)) (covering auto parts) and AUDI GRILLE II® (U.S. Reg. No. 4,499,913) (covering auto parts, "namely, radiator grilles").  True and correct copies of the registration certificates issued by the USPTO for the AUDI GRILLE® trademarks are attached to the Verified Complaint as Exhibit I.

23.     Audi uses the above-referenced trademarks (collectively the "Audi Marks") to identify its products and services.  In addition to producing high-quality vehicles, Audi produces automotive parts and accessories, including grilles and automotive accessories that bear the Audi

Marks.  Defendants' counterfeit parts and accessories compete directly with Audi's genuine

goods.  Images depicting some examples of genuine Audi goods are depicted in the table below:

| | |
|---|---|
|  Image depicting Audi's "Inventory" page prominently displaying the AUDI GRILLE DESIGN® and AUDI RINGS® online on October 11, 2017, at: https://www.audiusa.com/inventory |  Image depicting an OEM Audi Grille as it appeared online on October 11, 2017, at: http://www.2017audiusa.com/2017-audi-rs4-sedan/ |
|  Image depicting an Audi A3® vehicle, prominently displaying the AUDI GRILLE DESIGN®, viewable online at: http://www.audi.com/en/models/a3.html |  Image depicting an Audi Q3 vehicle, prominently displaying the AUDI GRILLE DESIGN®, as it appeared online on October 11, 2017, at: http://www.audi.com/en/models/q3.html |

***Volkswagen's Trademark Rights***

24.     Volkswagen AG is a world-famous automobile manufacturer that sells VW

automobiles, parts, and accessories through a network of licensed VW dealerships.  VW also

operates websites, including *vw.com*, tough which consumers can purchase VW parts,

accessories, and personal goods directly from VW.  At the core of VW is the world-famous and

distinctive VW® brand.

25.     VW obtained its first U.S. registration for VW® in 1957 (U.S. Reg. No.

0,653,695) (covering auto parts and accessories), now incontestable, and has subsequently

obtained many additional registrations for that mark.  A true and correct copy of the registration

certificate for VW's first registration of VW® is attached to the Verified Complaint as Exhibit J. A list of VW's U.S. trademark registrations for VW® and trademarks that include VW® is attached to the Verified Complaint as Exhibit K. VW's registrations for VW® are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of VW's exclusive ownership of the VW® mark.

26.     VW obtained its first U.S. registration for the VW LOGO® in 1966 (U.S. Reg. No. 0,631,649) (covering auto parts), now incontestable, and has subsequently obtained additional registrations for that mark and marks that include the VW LOGO®. A true and correct copy of the registration certificate for VW's first registration of the VW LOGO® is attached to the Verified Complaint as Exhibit L. A list of VW's U.S. trademark registrations for the VW LOGO® and trademarks that include the VW LOGO® is attached to the Verified Complaint as Exhibit M. VW's registrations for VW® are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of VW's exclusive ownership of the VW® mark. An image of the logo as recently used by VW is displayed below:



27.     VW obtained its first U.S. registration for the WOLFSBURG LOGO® in 1964 (U.S. Reg. No. 0,771,423) (covering automobiles and vehicle bodies), now incontestable, and has subsequently obtained an additional registration for that mark (U.S. Reg. No. 4,706,014) (covering vehicle parts). True and correct copy of the registration certificates for the

WOLFSBURG LOGO® are attached to the Verified Complaint as Exhibit N.  An image of the

logo is displayed below:



28.      VW obtained its first U.S. registration for V-DUB® in 2009 (U.S. Reg. No.

3,686,409) (covering promotion of the goods and services of auto dealerships), which is now

incontestable.  A true and correct copy of the U.S. trademark registration certificate for V-DUB®

is attached to the Verified Complaint as Exhibit O.

29.      VW uses VW®, VW LOGO®, WOLFSBURG LOGO®, V-DUB® and related

trademarks (collectively the "VW Marks") in commerce.

30.      Audi and VW use the above-referenced trademarks (collectively the "Audi and

VW Marks") to identify their products and services.  In addition to producing high-quality

vehicles, VW produces automotive parts and accessories, including grilles, engine covers, and

badges.

31.      Audi and VW have each spent hundreds of millions of dollars and have expended

significant effort in advertising, promoting, and developing their trademarks throughout the

world.  As a result of such advertising and expenditures, the Audi and VW Marks have become

widely known and recognized throughout the world as symbols of high quality automotive goods

and services that are made by Audi and VW.  The Audi and VW Marks are invaluable assets of

substantial and inestimable worth to Audi and VW.

### *Defendants' Violations of the Audi and VW Marks*

32.    Long after the Audi and VW Marks had attained renown, and without Plaintiffs'

consent, Defendants began selling aftermarket goods designed for Audi and VW vehicles

bearing or counterfeits of the Audi and VW Marks.  As illustrated in the table below, Defendants

have imported, manufactured, advertised, and sold goods that incorporate counterfeits, copies, or

colorable imitations of the Audi and VW Marks.



| Defendants' Counterfeit Products | Audi and VW Trademarks |
|---|---|
| As advertised by Defendants online at: http://www.ebay.com/itm/2012-2013-2014-2015-SUPER-RARE-AUDi-A7-MESH-SPORT-Grill-Grille-RS7-Look-BLACK-/132345957091 | Compare to U.S. Reg. No. 3201037 <br> Compare to U.S. Reg. No. 4,499,913 <br> Compare to U.S. Ser. No. 87/27,1678 |
| As advertised by Defendants online at: http://www.ebay.com/itm/2012-2013-2014-2015-AUDi-A4-B9-GLOSS-BLACK-RS4-TYPE-MESH-SPORT-GRILLE-B8-5-/202041125284 | Compare to U.S. Reg. No. 4,499,913 |

| Defendants' Counterfeit Products | Audi and VW Trademarks |
|---|---|
|  Item purchased from Defendants by Audi. |  Compare to U.S. Reg. No. 3201037  Compare to U.S. Reg. No. 4,499,913 |
|   As advertised by Defendants online at: http://www.dubstopimports.com/ProductDetails.asp?ProductCode=617215171182 |  Compare to U.S. Reg. No. 3,649,039 (Supplemental Register) <br> Compare to U.S. Reg. No. 3201037 |
|  As advertised by Defendants online at: http://www.ebay.com/itm/WOLFSBURG-CIGARETTE-LIGHTER-with-BLUE-LED-EMBLEM-BADGE-MK4-MK5-MK6-MK7-/182740307853 |  Compare to U.S. Reg. No. 0,771,423 |

| Defendants' Counterfeit Products | Audi and VW Trademarks |
|---|---|
|  As advertised by Defendants online at: http://www.ebay.com/itm/VW-Golf-Jetta-MK1-MK2-MK3-WOLFSBURG-Door-Pins-PAIR-/182805410502 |  Compare to U.S. Reg. No. 4,706,014 |
|  As advertised by Defendants online at: http://www.ebay.com/itm/1999-2004-Jetta-CUSTOM-CHROME-PLATED-ABS-Grill-Grille-Beautiful-Classy-NEW-/201977343722 | Compare to U.S. Reg. No. 3,032,408 |

33.     Defendants have, without authorization from Audi and VW, manufactured, imported, or sold grilles and automotive badging designed for Audi and VW vehicles incorporating counterfeits of the Audi and VW Marks.

34.     Defendants also use the business names "DubStop Imports" and "DubStop International," and the Internet domain names *dubstopimports.com* and *dubstop.com* to host e-commerce websites where Defendants use the Audi and VW Marks to advertise and sell their counterfeit goods to consumers online.  Defendants also use the eBay username "dsx-customs" to advertise and sell their counterfeit goods to consumers online.  Moreover, Defendants use the Audi and VW Marks in their online advertisements, identifying their counterfeit products as, for example, "Audi A6 Mesh Sport Grill" and "VW Jetta Golf GTi …gear shifter" to convey the

13

false impression that their counterfeit goods are manufactured or licensed by Plaintiffs.  True and correct copies of several pages from Defendants' website identifying their counterfeit goods as Audi and VW products are attached to the Verified Complaint as Exhibits P-1 through P-10.

35.     In 2017, Plaintiffs learned that Defendants attempted to import 150 counterfeit grilles, with an estimated value of approximately $150,000, into the United States.  These grilles and related parts were identified as counterfeits and seized by port authorities (seizure no.: 2017SZ002602401).  The counterfeit grilles were imported from Taiwan by "Dubstop Imports" with a reported address of 44 Oak Street, Newton, Massachusetts 02464.

36.     Plaintiffs learned after further investigation that each Defendant is linked to that address and involved in the business of importing products bearing counterfeits of Plaintiffs' trademarks.

37.     As part of the investigation, on October 2, 2017, Audi ordered a "2012 2013 2014 2015 - AUDi A7 with NIGHT VISION ONLY MESH RS7 Type Grille BLACK" for an Audi A7 vehicle and a license plate frame for an Audi RS 6 vehicle from Defendants' eBay store.  A screen shot of the online order confirmation and a copy of the shipping label for the grille purchased from Defendants, redacted to protect the anonymity of Audi's purchasing alias, are attached hereto as Exhibit Q.

38.     As shown in the images below, the grille bore replicas of the AUDI RINGS® and the license plate insert bore RS 6™:



Packaging for the knockoff grille



Protective packaging for the knockoff grille



Front of knockoff grille with AUDI RINGS®
pre-installed by Defendants



Back of knockoff grille



Identifying markings on the product.



Front of license plate insert



Back of license plate insert.



RS 6® marking on the back of the license plate
frame

39.     Audi has inspected the goods sold by Defendants and has determined that they are counterfeit.  Defendants' counterfeit goods are cheap imitations of genuine Audi goods.

40.     On October 13, 2017, Volkswagen Group of America, Inc. also discovered that Defendants were selling aftermarket accessories for VW vehicles that incorporate the WOLFSBUG LOGO®, advertised by Defendants as "VW Jetta Golf GTI" parts or accessories. Printouts of Defendants' advertisements for the counterfeit products bearing the WOLFSBURG LOGO® as seen online at *http://stores.ebay.com/dsx-customs* on October 13, 2017, are attached hereto as Exhibit R-1 through R-13.

41.     Defendants have no affiliation with Plaintiffs of any kind and have not been authorized to identify their counterfeit goods and Audi and VW products or to use the VW and Audi Marks on their products.

42.     Defendants' misappropriation of the VW and Audi Marks in combination with the manufacture, importation, advertisement, and sale of their unauthorized products bearing the VW and Audi Marks is likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants' products are manufactured or licensed by VW and Audi.   In addition, Defendants' wrongful use of the VW and Audi Marks or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the Audi and VW Marks.

43.     Defendants continue to use the Audi and VW Marks with actual knowledge of Audi's and VW's prior adoption and use of the Audi and VW Marks.  Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general.  In so doing, Defendants have caused irreparable damage to the Audi and VW Marks and to the goodwill and reputation of Audi and VW.

44.     Audi and VW exercise great care and exert substantial effort to control the nature and quality of the genuine goods and services offered under the Audi and VW Marks.

45.     Defendants are not subject to Audi's and VW's quality control specifications, and do not pay royalties to Audi and VW.

46.     Defendants' misappropriation of the VW and Audi Marks on their counterfeit products deprives VW and Audi of the ability to control its commercial reputation, and places Plaintiffs' reputation in the hands of individuals and entities who have no connection to Plaintiffs and are not subject to Plaintiffs' exacting quality control standards.

47.     Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton. Indeed, defendant Ruslan Livinsky understands the value of trademarks and has registered D-S-X INDUSTRIES (U.S. Reg. No. 5146895) on behalf of DubStop Imports.  A copy of DubStop Imports registration certificate for this mark is attached to the Verified Complaint as Exhibit S. Despite Defendants' knowledge of trademark laws, and Plaintiffs' rights in the Audi and VW Marks, Defendants sell goods bearing counterfeits of the Audi and VW Marks.

48.     As such, Defendants' conduct constitutes a willful and knowing infringement of the Audi and VW Marks.

49.     Based on experience, Audi and VW believe that unless this Court enters a preliminary and permanent injunction in this case, Defendants will continue to sell counterfeit goods bearing the Audi and VW Marks and will destroy all evidence relating to the manufacture, importation, advertisement, and sale of the counterfeit goods, and disclaim any knowledge of the persons from whom they bought and to whom they sold such counterfeit goods.

# FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK COUNTERFEITING
AND INFRINGEMENT, 15 U.S.C. § 1114)

50.    Audi and VW reallege and incorporate herein the allegations above.

51.    Despite Audi's and VW's well-known prior rights in the Audi and VW Marks, Defendants have used and continue to use, without Audi's and VW's authorization, the Audi and VW Marks, or confusingly similar variations and imitations thereof, in connection with the advertisement, promotion, and sale of Defendants' counterfeit products and services.

52.    Defendants' misappropriation of the Audi and VW Marks is likely to cause consumer confusion as to whether Audi and VW endorse, sponsor, or license Defendants' products, or as to whether Defendants are somehow affiliated with Audi and VW.

53.    Defendants' actions constitute trademark counterfeiting and willful infringement of Audi's and VW's exclusive rights in the Audi and VW Marks in violation of 15 U.S.C. § 1114.

54.    Defendants' misappropriation of the Audi and VW Marks, or confusingly similar variations thereof, has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers regarding the source and/or sponsorship of Defendants' products and services.  Defendants have used counterfeits of the Audi and VW Marks in connection with their products with the knowledge that the marks are counterfeits and with the intent to use counterfeits.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

55.    As a direct and proximate result of Defendants' conduct, Audi and VW have suffered irreparable harm to the valuable, distinctive and world-famous Audi and VW Marks. Unless Defendants are restrained from further infringement of the Audi and VW Marks, Audi and VW will continue to be irreparably harmed.

56.     Audi and VW have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

57.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.  Alternatively, Audi and VW are entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $500 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

### SECOND CLAIM FOR RELIEF
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
AND FALSE ADVERTISING, 15 U.S.C. § 1125(a))

58.     Audi and VW reallege and incorporate herein the allegations above.

59.     Defendants have knowingly used the Audi and VW Marks, or confusingly similar variations thereof in connection with the products and services that Defendants manufacture, import, advertise, promote, and/or sell.  Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

60.     Defendants' misappropriation of the Audi and VW Marks is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Audi and VW or that Defendants are in some way affiliated with Audi and VW.

61.     Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

62.     Because of Defendants' actions, Audi and VW have suffered irreparable harm to the Audi and VW Marks.  Unless Defendants are enjoined from their actions, Audi and VW will continue to be irreparably harmed.

63.     Audi and VW have no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

64.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW are entitled to the equitable remedy of a preliminary injunction, a permanent injunction, an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

65.     Audi and VW reallege and incorporate herein the allegations above.

66.     The Audi and VW Marks have become famous and distinctive worldwide through Plaintiffs' continuous and exclusive use of them in connection with Audi's and VW's products and services.

67.     Because Audi's and VW's products and services have gained a reputation for superior quality, durability, and performance, the Audi and VW Marks have gained substantial renown.

68.     Defendants have willfully and intentionally used and continue to use the Audi and VW Marks or confusingly similar variations thereof in connection with the advertisement, promotion, and sale of Defendants' products and services.

69.     Defendants' misappropriation of the Audi and VW Marks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual

dilution of the Audi and VW Marks' distinctive quality in violation of Audi's rights under 15 U.S.C. § 1125(c).  Defendants' wrongful use of the Audi and VW Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi and VW Marks.

70.     Defendants have used and continue to use the Audi and VW Marks, and confusingly similar variations thereof, willfully and with the intent to dilute the Audi and VW Marks, and with the intent to trade on Audi's and VW's reputation and the goodwill inherent in the Audi and VW Marks, despite having signed an agreement in the past that they would not do so.

71.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW have suffered irreparable harm to the Audi and VW Marks.

72.     Unless Defendants are enjoined, the Audi and VW Marks will continue to be irreparably harmed and diluted.  Audi and VW have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

73.     Defendants have used and continue to use the Audi and VW Marks, or counterfeits thereof, willfully, with the intent to dilute the Audi and VW Marks and trade on Audi's and VW's reputation and goodwill.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

74.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.

## FORTH CLAIM FOR RELIEF
### (CYBERPIRACY UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT OR "ACPA", 15 U.S.C. § 1125(d))

75.     Audi and VW reallege and incorporate herein the allegations above.

76.     Defendants have registered and commercially use the Internet domain names *dubstopimports.com* and *dubstop.com*, that are confusing similar to, and/or dilutive of the distinctive and famous V-DUB® trademark and incorporate "DUB" to refer to that mark.

77.     V-DUB® was distinctive and famous years before it was registered as a trademark and before the registration of *dubstopimports.com* and *dubstop.com*.

78.     Defendants will continue to use *dubstopimports.com* and *dubstop.com* in commerce to forward Internet traffic to their commercial website.  Defendants' misappropriation of the Audi and VW Marks in the domain names *dubstopimports.com* and *dubstop.com* will continue to cause irreparable injury to Audi and VW and the public unless Defendants are restrained and enjoined.

79.     Audi and VW have no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts of cyberpiracy continue.

80.     Audi and VW are entitled to an injunction, requiring the transfer of *dubstopimports.com* and *dubstop.com* to Audi and VW.

81.     In addition, Audi and VW are entitled to damages, including statutory damages under the ACPA in the amount of $100,000 per domain name, in addition to its costs and attorney fees in bringing this action.

### PRAYER FOR RELIEF

WHEREFORE, Audi and VW pray for judgment against Defendants as follows:

1.     Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active

concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)     imitating, copying, or making unauthorized use of any of the Audi and VW Marks, counterfeits thereof, or any confusingly similar variations thereof;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Audi and VW Marks;

(c)     using any simulation, reproduction, counterfeit, copy or confusingly similar variation of the Audi and VW Marks in Defendants' business name or in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)     using any false designation of origin or false description, including without limitation, any letters or symbols constituting the Audi and VW Marks or performing any act which can or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi and VW, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi and VW;

(e)     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to any or all of the Audi and VW Marks;

(f)     engaging in any other activity constituting unfair competition with Audi and VW with respect to the Audi and VW Marks, or constituting an infringement of any or all of the Audi

and VW Marks, or of Audi's and VW's rights in, or to use or exploit, any or all of the Audi and VW Marks; and

(g)    registering, trafficking in, or using any domain names incorporating the Audi and VW Marks, or any confusingly similar variations thereof; and

(h)    instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

2.    Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away or otherwise disposing of Defendants' goods bearing counterfeits of the Audi and VW Marks, and requiring Defendants to sequester said counterfeit goods, including without limitation, any grilles, engine covers, automobile badges, or other goods bearing the Audi and VW Marks as described in this Verified Complaint in a separate and safe location at Defendants' place or places of business, as well as all business records related thereto, including any computers or other digital media containing such business records to be made available for Audi and VW and their representatives to examine, photograph, and/or copy any such goods and information;

3.    For an order directing Defendants to deliver to Audi and VW and its counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi and VW Marks or any confusingly similar variation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

4.    For an order requiring Defendants to cease use of any trade name or business entity name incorporating the Audi and VW Marks or any confusingly similar variations thereof, including without limitation, "DubStop Imports" or "DubStop International."

5.     For an order directing such other relief as the Court may deem appropriate to prevent consumers and public in general from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Audi and VW or related in any way to Audi's and VW's products or services.

6.     For an order directing Defendants to file with the Court and serve upon Audi's and VW's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

7.     For an order permitting Audi and VW, and/or auditors for Audi and VW, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi and VW Marks, including all revenues and sales related to Defendants' use of the Audi and VW Marks, as well as Defendants' compliance with orders of this Court.

8.     For an award of Audi's and VW's costs and disbursements incurred in this action, including Audi's and VW's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

9.     For an order directing Defendants to file with the Court and provide to Audi and VW an accounting of all sales and profits realized through Defendants' use of the Audi and VW Marks and any counterfeits thereof.

10.     For judgment in an amount equivalent to three times Defendants' profits and reasonable attorneys' fees because of Defendants' intentional, willful and knowing use of counterfeits of the Audi and VW Marks pursuant to 15 U.S.C. § 1117(b).

11.     Alternatively, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

12.     For an order pursuant to 15 U.S.C. 1125(d)(1)(C), requiring Defendants to transfer the domain names *dubstopimports.com* and *dubstop.com*, and any other domain names within their possession or control that incorporate marks identical to, or colorable imitations of, the Audi and VW Marks to Audi and VW

13.     For an award of statutory damages pursuant to 15 U.S.C. § 1117(d) of not less than $1,000 and up to $100,000 per domain name registered by Defendants and incorporating the Audi and VW Marks or colorable imitations thereof.

14.     For an award of interest, including pre-judgment interest on the foregoing sums.

15.     For such other and further relief as the Court may deem just and proper.

**THE PLAINTIFFS HEREBY DEMAND A TRAIL BY JURY ON ALL CLAIMS SO TRIABLE.**

<u>**VERIFICATION**</u>

Dana A. Cizmadia, under penalty of perjury of the laws of the United States declares:

That she is employed by Volkswagen Group of America, Inc., as Brand Protection and Marketing Compliance Specialist; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed this 9th day of November 2017 in Herndon, Virginia.

Dana A. Cizmadia

Plaintiffs,
Audi AG, Volkswagen AG, and
Volkswagen Group of America, Inc.,
By their Attorneys,

*/s/ Douglas F. Hartman*
_____
Douglas F. Hartman, BBO# 642823
HARTMAN LEONE
One Boston Place
201 Washington Street, 26th Floor
Boston, Massachusetts 02108
P:  617-807-0091
F:  617-507-8334
dhartman@hartmanleone.com

Co-Counsel:

Gregory D. Phillips, (4645)
PHILLIPS, RYTHER & WINCHESTER
124 South 600 East
Salt Lake City, Utah 84102
P:  810-935-4933
F:  801-935-4936
gdp@prwlawfirm.com

DATED this 9th day of November, 2017.